10648.

### DWIGHT v. PARHAM.

(107 S. E. 908)

VENDOR AND PURCHASER—PURCHASER NOT REQUIRED TO PERFORM ON DATE SPECIFIED, WHERE VENDOR AGREED TO PERFORMANCE ON SUBSEQUENT DATE.—Purchaser was not required to tender purchase money on the date specified in the contract, where vendor on such date agreed that purchaser might perform on a specified subsequent date, thereby waiving the right to performance on date specified in contract.

Before MEMMINGER, J., Charleston, July, 1920. Affirmed.

Action by Charles S. Dwight, Jr., against C. W. Parham and E. Boykin Clement, as Admr. of Moultrie J. Clement, for specific performance. From judgment for plaintiff the defendants appeal.

*Messrs. Louis M. Shimel, John I. Cosgrove and C. T. Graydon, for appellants. Mr. Graydon* cites: *Specific performance rests in sound judicial discretion*: 53 S. C., 573; 84 S. C., 256. *Plaintiff must make out clear contract and offer to comply*: 110 S. C., 426; 77 S. C., 511. *Where time is of essence of contract same must be strictly complied with*: 90 S. C., 485., Bail. Eq., 371; 53 S. C., 572; 1 DeS. Eq., 161; 1 DeS. Eq., 307. *Especially where contract is inequitable or hard*: 1 DeS. Eq., 161.

*Messrs. Buist & Buist,* for respondent, cite: *When failure to make tender excused or waived*: 38 Cyc., 134, 144. *Waiver by express words*: 17 S. E. 894 (Va.). *Inability to perform*: 192 Fed. 717. *Failure to have papers prepared*: 39 S. C. L., 251; 27 S. C. Eq., 324. *Objection on other grounds*: 97 S. C., 477; 16 S. C., 427. *Demanding retention of part of land*: 64 S. E. 1 (N. C.). *Agreement to postpone performance*: 84 S. C., 434. *Tender excused*: 84 S. C., 434; 109 S. C., 352; 111 S. C., 49. *Case is not within doctrine of* 114 S. C., 245.

June 30, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the report of the Master:

"This action is brought to enforce specific performance of the contract, set out in the complaint. I find that on the 15th day of July, 1919, the plaintiff and C. W. Parham entered into a written agreement, whereby plaintiff agreed to purchase and Parham to sell, for the sum of $20,000, the premises in suit, consisting of about 160 acres on St. Andrews' Parish, county of Charleston, as described in the complaint. The terms of said agreement called for settlement January 2, 1920, the payment of one-fourth of the purchase money in cash, balance to be evidenced by hand of the purchaser, payable in three equal annual installments, with interest at 7 per cent. secured by purchase-money mortgage of the premises, upon delivery of good and marketable title to the property described."

"A subsequent written agreement of the said parties, dated August 6, 1919, recites the original contract of July 15th, and therein the said C. W. Parham acknowledges acceptance of indorsed note of Dwight for $500, due January 2, 1920, on account of the purchase price, with provision for forfeiture in case of failure to comply.

"The testimony shows that on the date fixed for settlement in the original contract, January 2, 1920, Dwight, accompanied by his attorney, Mr. Geo. L. Buist, called upon Parham at his place of business, and stated that he was ready to comply with the contract. After some discussion, they proceeded to the office of Mr. Walter Pringle. who had negotiated the sale, where the discussion of the terms of the contract was renewed. Mr. Parham suggested that there might be difficulty in persuading his wife to renounce her dower right unless some modification

was agreed to in the matter of acreage or otherwise. Mr. Dwight and his attorney insisted upon compliance with the contract. No formal tender was made of cash, bond and mortgage, or deed. Mr. Parham states he agreed 'to give him until the following Tuesday.' Mr. Dwight and Mr. Buist both tesfity that the time then agreed upon to carry out the settlement was the following Monday, and Mr. Buist says it was understood that it was to be made at his office on Broad Street. He testifies that he and Mr. Dwight were prepared at the time fixed, and that he so notified Mr. Parham over the telephone; but that Mr. Parham repeated his objections and his unwillingness, and refused to come for settlement.

"The testimony fairly discloses that lands in the vicinity of those in question had advanced in value between the date of the contract and the time fixed for settlement, and further shows that Parham was not pleased with the contract he had made, and wished to avoid a compliance. I find as a matter of fact and law that Dwight's failure to make a legal tender on the day fixed in the contract was waived by Parham, and that the plaintiff is entitled to a decree for specific performance."

The report of the Master was sustained by the Circuit Court, and the defendant C. W. Parham appealed, upon the following exceptions:

(1) "That, as a condition precedent to the bringing of the suit for specific performance, it was necessary for the plaintiff to make legal tender at the time and in the manner provided for in the contract, and, the plaintiff having failed to do so, he was not entitled to a decree for specific performance."

(2) "That the plaintiff, having failed to make legal tender at any time before or after the commencement of the action, was not entitled to a decree for specific performance."

15—s. c. 116

(3)  "That, the plaintiff having failed to comply with the terms of the contract on the day therein specified. the defendant had a right to rescind such contract, and, he having elected so to do, the plaintiff was not entitled to enforce specific performance of same."

The appellant has failed to show prejudicial error.

Appeal dismissed.